SEAN P. NALTY, CA Bar No. 121253
sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
CIGNA BEHAVIORAL HEALTH, INC. and DPR CONSTRUCTION'S OPEN ACCESS PLUS MEDICAL BENEFITS PLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL M. & ANTHONY M.,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA BEHAVIORAL HEALTH, INC., DPR CONSTRUCTION'S OPEN ACCESS PLUS MEDICAL BENEFITS PLAN, MEDICAL EVALUATION SPECIALISTS, INC., and DOES 1 through 10,,<br><br>Defendants. | Case No. 3:18-cv-00901<br><br>**CIGNA BEHAVIORAL HEALTH, INC. AND  DPR CONSTRUCTION'S OPEN ACCESS PLUS MEDICAL BENEFITS PLAN'S ANSWER TO THE COMPLAINT BY  PHIL M. & ANTHONY M.** |

Comes Now, defendants Cigna Behavioral Health Inc. ("CBH") and DPR Construction's Open Access Plus Medical Benefits Plan ("the Plan") ("collectively "defendants") and answers the complaint for breach of the Employee Retirement Income Security Act ("the Complaint") filed by Phil M. and Anthony M. ("plaintiffs") as follows:

1. Defendants admit that plaintiffs bring this action under ERISA.  Defendants admit that the Court has jurisdiction over the Plan under ERISA.  Except as so stated, defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the factual allegations in paragraph three of the Complaint except that defendants' deny that CBH administers the Plan.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that Phil M. was a participant in the Plan at the time the claims for benefits arose that are the subject of this matter. Except as so admitted, defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit that Anthony M. received coverage under the Plan as a dependent of Phil M. at the time the claims for benefits arose that are the subject of this matter. Except as so admitted, defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit that the Plan provided Open Access Plus Medical Benefits to participants in the Plan and their dependents. The Plan is self-funded and administered by Cigna Health and Life Insurance Company ("CHLIC"). Except as so admitted, defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit that this matter involves a claim for benefits under the Plan. Except as so admitted, defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint. CHLIC is the administrator of the Open Access Plus Medical Benefits offered by the Plan.

13. Defendants deny the allegations in paragraph 13 of the Complaint to the extent that they contradict, misstate, misrepresent, misinterpret, or misconstrue the terms of the Open Access Plus Medical benefits offered by the Plan.

14. Defendants deny the allegations in paragraph 14 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the administrative record that is the subject of this action ("Administrative Record") and/or are not supported by the evidence in the Administrative Record.

15. Defendants deny the allegations in paragraph 15 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

16. Defendants deny the allegations in paragraph 16 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in Administrative Record and/or are not supported by the evidence in the Administrative Record.

17. Defendants deny the allegations in paragraph 17 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

18. Defendants deny the allegations in paragraph 18 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

19. Defendants deny the allegations in paragraph 19 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

20. Defendants deny the allegations in paragraph 20 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

21. Defendants deny the allegations in paragraph 21 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

22. Defendants deny the allegations in paragraph 22 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

23. Defendants deny the allegations in paragraph 23 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

24. Defendants deny the allegations in paragraph 24 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

25. Defendants deny the allegations in paragraph 25 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

26. Defendants admit that Anthony M. enrolled at the Change Academy at Lake of the Ozarks ("CALO") and CALO requested that CHLIC authorize residential mental treatment for children and adolescents. Except as so admitted, defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants admit that Anthony M's parents and CALO requested authorization for treatment and services at CALO at a residential treatment level. Except as so stated, defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that some claims for benefits made under the Open Access Plus Medical Benefits offered by the Plan were denied for the reasons stated in the administrative record including, but not limited to, the failure of CALO to establish the medical necessity of residential treatment. Ultimately, the claims at issue were paid by the Plan. Except as so stated, defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit that plaintiffs appealed some of the denial decisions. Except as so stated, defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants admit that the decisions to deny the claims at issue were upheld on appeal. Except as so stated, defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants do not have to admit or deny legal conclusions. Defendants deny the factual allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants do not have to admit or deny legal conclusions. Defendants deny that failure and refusal to pay for this treatment violated the California Parity Act. Defendants deny the remaining allegations in paragraph 33 of the Complaint to the extent the allegations contradict, misstate, misrepresent, misinterpret, or misconstrue the evidence in the Administrative Record and/or are not supported by the evidence in the Administrative Record.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants admit that plaintiffs' appeals were denied. Except as so stated, defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants admit that under the terms of the Open Access Plus Medical benefits offered by the Plan, plaintiffs could request that their appeal be referred to an Independent Review Organization ("IRO"). CHLIC and the Plan would abide by the decision of the IRO. Except as so admitted, defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants admit that, at plaintiffs' request, their appeal was referred to an IRO.

38. Defendants admit that Medical Evaluation Specialists ("MES") received the IRO referral.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

### FIRST CAUSE OF ACTION

### Benefits under ERISA

43. Defendants incorporate by reference, as if there were fully set forth below, their responses to paragraph 1 through 42 set forth above.

44. Defendants do not have to admit or deny legal conclusions. Defendants deny the factual allegations in paragraph 44 of the Complaint.

45. Defendants admit that, at the time of the claims that are the subject of this action, Anthony M. received coverage as a dependent under the Open Access Plus Medical benefits offered by the Plan. Except as admitted, defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

### SECOND CAUSE OF ACTION

### Against MES for Interference with Prospective Economic Advantage

48. Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraphs 1 through 47 of the Complaint stated above.

49. Defendants admit that MES received the IRO referral. Except as so admitted, defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint.

52. Defendants admit that MES has received IRO referrals of claims by other CHLIC insureds. Expect as so admitted, defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny that CIGNA would pay the claims at issue in this matter since the Plan is self-funded. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56 of the Complaint.

57. Defendants deny that there is a "financial and economic relationship between Plaintiffs and Defendant Cigna." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

Defendants deny the allegations in the prayer of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendants allege that the Plan is self-funded and CHLIC administers the Open Access Medical Benefits offered by the Plan. CBH is not a proper defendant in this matter as it is not the claim administrator for the Open Access Plus Medical benefits offered by the Plan.

2. Defendants allege that venue is not proper in this Court. The matter must be transferred to Texas under 28 U.S.C. § 1404 as plaintiffs reside in Texas and the events that are the subject of this matter did not take place in the Northern District of California.

3. Defendants allege that plaintiffs have no basis for recovery under ERISA in that the Plan has paid the benefits at issue.

4. Defendants allege that plaintiffs' claims for benefits that are the subject of this matter are barred in whole or in part by one or more of the provisions of the Open Access Plus Medical benefits offered by the Plan, including, but not limited to, the requirement that they establish that the treatment at issue was medically necessary as that term is defined in the Plan.

5. Defendants allege that CHLIC, in administering the Open Access Plus Medical benefits offered by the Plan, has discretionary authority under the terms of the Plan to interpret and apply plan terms and to make factual determinations in connection with review of claims under the Plan. CHLIC did not abuse this discretion in making the decisions that are the subject of this matter.

Wherefore, defendants, and each of them, pray for the following relief:

1. That plaintiffs take nothing under the Complaint;

2. That judgment be entered in favor of defendants in this matter;

3. That defendants recover their attorney's fees and costs under ERISA; and

4. Any other and additional relief the Court determines is just and proper.

DATED: May 7, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Sean P. Nalty
SEAN P. NALTY
Attorneys for Defendant
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

# CERTIFICATE OF SERVICE

I certify that on April 25, 2018, I electronically filed the foregoing **CIGNA BEHAVIORAL HEALTH, INC. and DPR CONSTRUCTION'S OPEN ACCESS PLUS MEDICAL BENEFITS PLAN's ANSWER TO the complaint by PHIL M. & ANTHONY M.** and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ Sean P. Nalty
SEAN P. NALTY

33869541.1